UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Estate of Julius Gray by Jeanine Gray,
Surviving Spouse and Heir,

        Debtor,

_____/

| | |
|---|---|
| Estate of Julius Gray by Jeanine Gray,<br>Surviving Spouse and Heir, | Case Nos.: 10-14412, 10-14802<br>Honorable Sean F. Cox<br>Magistrate Mark A. Randon |
|         Appellant, | |
| v. | |
| Daniel M. McDermott, U.S. Trustee,<br>and Fifth-Third Bank, | Bankr. Ct. Case. No.: 10-67918<br>Honorable Marci B. McIvor |
|         Appellees. | |

_____/

OPINION & ORDER AFFIRMING
THE DECISION OF THE BANKRUPTCY COURT

Appellant Estate of Julius Gray ("Appellant" or "Debtor" or "the Estate") filed this bankruptcy appeal on November 3, 2010, challenging the order by Hon. Marci B. McIvor, in Bankruptcy Case No. 10-67918, granting the United States Trustee's motion to dismiss Appellant's Chapter 11 case. Specifically, Appellant asserts that the bankruptcy court erred when it found that the Estate is not a "person" under the bankruptcy code, and therefore ineligible for bankruptcy relief. Appellant also appeals the bankruptcy court's decision to dismiss Appellant's bankruptcy case *nunc pro tunc*. Appellees are the United States Trustee

1

("UST"), Daniel M. McDermott, and the foreclosing lender of Appellant's property, Fifth Third Bank ("Fifth Third").  Also before the Court is Appellant's Motion for Stay Pending Appeal.  The parties have fully briefed the issues and the Court heard oral argument on August 11, 2011.  For the reasons that follow, the Court shall affirm the bankruptcy court's decision to dismiss Appellant's Chapter 11 case *nunc pro tunc*.  Accordingly, the Court shall also dismiss as moot Appellant's motion to stay.

## BACKGROUND

In June 2007, Julius Gray ("Mr. Gray"), now deceased, purchased a home at 20946 Richmond Drive, Northville, MI 48167 ("the property").  (Estate Br. #1 at ¶ 1).  Mr. Gray executed two mortgages on the home – a first mortgage in the amount of $1,000,000 held by Fifth Third, and a $100,000 home equity line of credit ("HELOC"), held by Chase Bank.  *Id*.  Mr. Gray's wife, Jeanine Gray ("Ms. Gray"), was not listed as a title-holder to the property or as a liable party to either of the mortgages.  (UST Br. at 2).

Mr. Gray committed suicide on April 3, 2009, and after his death, Ms. Gray fell behind on the monthly mortgage payments.  For almost a year-and-half, Ms. Gray and Fifth Third discussed the possibility of a loan modification, which would have required Ms. Gray to assume the mortgage note, but the negotiations did not result in a resolution between the parties.[1]  ("Estate Br. #1 at ¶ 7).  According to the Estate, the Estate was fully probated in state court

---

[1] According to the Estate, Ms. Gray receives a monthly income $13,600.  This income includes approximately $5,000 per month from an insurance settlement to care for her disabled brother, $4,500 per month from a trust, funded by insurance proceeds relating to Mr. Gray's death, and $4,100 in social security benefits.

2

during this time and its only remaining asset was the property.[2] *Id*. at ¶ 9.

Fifth Third scheduled a foreclosure sale for September 7, 2010 at 10:00 AM. The negotiator for Fifth Third refused to adjourn for the foreclosure sale, and on September 7, less than 4 minutes before the foreclosure sale, Ms. Gray filed a Chapter 11 bankruptcy petition in order to stop the foreclosure sale. *Id*. at ¶ 7. Rather than filing the bankruptcy petition under her name and social security number, however, Ms. Gray filed the bankruptcy petition in the name of the Estate and under the social security number of Mr. Gray. *Id*. at ¶ 9. In its brief, the Estate explains that, "If the Surviving Spouse filed the bankruptcy petition under her social security number, it would destroy her credit rating making it impossible for her to obtain financing (e.g., debtor in possession "DIP" financing) to pay off the Bank and/or HELOC." *Id*. at ¶ 8.

At 10:00 AM on September 7, 2010, Fifth Third proceeded with the foreclosure sale and the property sold for $800,000, which is $300,000 less than the debts owed on the home. *Id*. at 12.

On September 10, 2010 the UST filed a motion to dismiss the Estate's Chapter 11 bankruptcy petition, alleging that the Estate cannot be a "debtor" as defined in the Bankruptcy Code. *Id*. at 13. Fifth Third concurred in the relief sought by the UST and on September 27, 2010, filed its own "Motion to Dismiss Chapter 11 Case and to Declare the Automatic Stay Void

---

[2]According the Fifth Third, and contrary to the facts presented by the Estate, the property at issue was not even part of the Estate at the time of bankruptcy. On the Estate's inventory form submitted to the Oakland County Probate Court on January 14, 2010 (Fifth Third Br., Ex. E.), Ms. Gray, the Personal Representative of the Estate, did not list any assets belonging to the Estate. Fifth Third also contends that the Warranty Deed vested title in the property to Mr. and Ms. Gray as tenants by the entireties, which means that upon the death of Mr. Gray, full title to the property would have automatically shifted to Ms. Gray. Therefore, it appears that it is the Estate, rather than Fifth Third, that is the party without standing to challenge the foreclosure.

*Nunc Pro Tunc*." (Estate's Br. # 2 at 5). Because the foreclosure sale occurred four minutes after the Estate filed its bankruptcy petition, the sale was technically in violation of the automatic stay, and Fifth Third filed its motion in an effort to annul the automatic stay.

At a hearing on October 12, 2010, the bankruptcy court granted the UST's motion to dismiss and entered an order dismissing the Estate's petition on October 18, 2010. (UST Br. at 3). At the hearing, the bankruptcy court stated:

> If the debtor wants to keep her house that badly and she believes that she has an asset that can be renegotiated in bankruptcy, she has to file. You can't file an asset. . . on the grounds that it will potentially harm the owner of the asset's credit if she files for bankruptcy. If this is her house and she wants to renegotiate the debt in bankruptcy, she can file. Ruining her credit is not a defense to a motion to dismiss against the estate.

(Trans. for Oct. 12, 2010 Hrng. at 7).

On November 16, 2010, the bankruptcy court held a separate hearing on Fifth Third's motion to order the dismissal *nunc pro tunc* and granted Fifth Third's motion, thus annulling the automatic stay initially created by the bankruptcy filing. (Fifth Third Br. at 9). The bankruptcy court explained, "If you want the benefit of the automatic stay, she had to file for bankruptcy. You can't file an asset or a thing as a bankruptcy." (Trans. for Nov. 16, 2010 Hrng. at 7). The Court continued:

> I am granting the motion. Under *Easley v. Pettibone*, I have the power under certain circumstances to annul the stay. This is a case where the stay should be annulled. The creditor – the sheriff's sale took place four minutes before the bankruptcy was filed, and the bankruptcy was not filed by a person as defined by 11 U.S.C., Section 101(41). In your own pleadings, you conceded that it would be some very creative thinking or ruling by the Court to find that an entity that is not a person could file for bankruptcy. There was no basis for filing this bankruptcy, and given the very short time frame between when the sheriff's sale took place and the bankruptcy was

> filed, I'm finding that there are grounds to annul the stay in this case and grant the – I'm just declaring the automatic stay void nunc pro tunc because I find that there are grounds under 11 U.S.C., Section 362 (d), and the case of *Easley v. Pettibone*, 990 F.2d 905.

*Id*. at 9.

The Estate filed an appeal to this Court on November 1, 2010, challenging the bankruptcy court's order to grant the UST's motion to dismiss the Chapter11 case (the "UST case," Case No. 10-14412). *Id*. at 16. The Estate also filed a second appeal, challenging the bankruptcy court's order declaring the automatic stay *nunc pro tunc* (the "Fifth Third case," Case No. 10-14802).

Counsel for the Estate filed its appellate brief in the UST case on January 28, 2011 – one day late. (Doc. No. 16). The UST filed its appellate brief on February 20, 2011. (Case No. 10-14412, Doc. No. 17).

After failing to timely respond to a Court order issued December 30, 2010, Counsel for the Estate was required to file his brief in the Fifth Third case on February 4, 2011. By February 14, 2011, Counsel had yet to file his brief and Fifth Third filed a motion to dismiss the appeal. Later that day, the Estate finally filed its brief. The Estate's brief, however, contained reference to documents not included in the designation of record on appeal and on February 23, 2011, Fifth Third filed a motion to strike certain portions of the Estate's brief. (Case No. 10-14802, Doc. No. 22). On April 19, 2011, the Court issued an order striking the Estate's brief and requiring the Estate to re-file its brief, without reference to certain documents not designated on appeal, by May 2, 2011. (Case No. 10-14802, Doc. No. 26). Finally, on May 9, 2011, a week after the new Court-issued deadline, and over three months after the Court's original deadline, Counsel for the Estate filed an adequate brief. (Case No. 10-14802, Doc. No. 29).

Meanwhile, on May 6, 2011, the last day of the redemption period for the property, the Estate filed an Ex Parte Motion for Stay Pending Appeal, requesting that the Court stay the expiration of the redemption period. (Case No. 10-14802, Doc. No. 27). The Court permitted Fifth Third to respond to the Estate's motion to stay and Fifth Third filed a response on May 20, 2011. (Case No. 10-14802, Doc. No. 34).

## STANDARD OF REVIEW

In reviewing cases on appeal from the bankruptcy court, this Court reviews the bankruptcy court's findings of fact under a clear error standard. *In re Baker & Getty Financial Services, Inc.*, 106 F.3d 1255, 1259 (6th Cir. 1997). A factual finding is clearly erroneous when "the reviewing court is left with a definite and firm conviction that a mistake has been committed." *United States v. Aven*, 997 F.2d 1150, 1152 (6th Cir. 1993). The Court reviews the bankruptcy court's conclusions of law under a *de novo* standard. *In re Baker & Getty*, 106 F.3d at 1259. A bankruptcy court's equitable determinations are reviewed for an abuse of discretion. *In re Behke*, 358 F.3d 429, 433 (6th Cir. 2004). Finally, as with all evidentiary rulings made by a federal court, the bankruptcy court's rulings on evidentiary issues are reviewed for an abuse of discretion. *See Hill v. Marshall*, 962 F.2d 1209, 1214 (6th Cir. 1992).

## ANALYSIS

On appeal, the Estate asserts: (1) that the bankruptcy court erred when it held that an estate is not a "person" under the bankruptcy code, and therefore cannot file a Chapter 11 bankruptcy petition; (2) Fifth Third did not have standing to file a motion to dismiss the bankruptcy case *nunc pro tunc*, and therefore the bankruptcy court lacked subject matter jurisdiction to enter an order annulling the automatic stay; and (3) the bankruptcy court erred by

actually granting Fifth Third's motion to dismiss the bankruptcy case *nunc pro tunc*.

**I.      The Bankruptcy Court Did Not Err When It Held That A Probate Estate Is Not A "Person" Under The Bankruptcy Code.**

In this case, the Estate sought bankruptcy relief under Chapter 11, and the bankruptcy court granted the UST's motion to dismiss, holding that a probate estate cannot be a debtor under the bankruptcy code. Section 109(d) of Title 11 governs who may be a "debtor" in a Chapter 11 bankruptcy case, and provides:

> Only a railroad, *a person* that may be a debtor under chapter 7 of this title (except a stockbroker or a commodity broker), and an uninsured State member bank, or a corporation organized under section 25A of the Federal Reserve Act, which operates, or operates as, a multilateral clearing organization pursuant to section 409 of the Federal Deposit Insurance Corporation Improvement Act of 1991 may be a debtor under chapter 11 of this title.

11 U.S.C. § 109(d) (emphasis added).

The term "person," under the bankruptcy code, is further defined in 11 U.S.C. § 101(41), which states, "The term 'person' includes individual, partnership, and corporation, but does not include [certain governmental units]."  11 U.S.C. § 101(41).

Although § 101(41) does not specifically exclude decedents' estates from the definition of a person, the UST notes that in 11 U.S.C. § 101(15), the bankruptcy code differentiates the terms "person" and "estate" in its definition of "entity."  Section 101(15) uses the terms "person" and "estate" as distinct terms, providing that "[t]he term 'entity' includes person, estate, trust, governmental unit, and United States trustee."

In applying these definitions, Federal courts have been consistent on the issue of whether an estate can be debtor under the bankruptcy code. In *In re George*, the Eleventh Circuit held that the definition of "person" excludes decedents' estates. *In re George*, 844 F.2d 1562, 1566

7

(11th Cir. 1988). The Court in *George* stated:

> Nevertheless, we find two indicia that Congress intended to exclude insolvent decedents' estates from the definition of 'person.' First, Congress defined 'entity' to include 'person, estate, trust, governmental unit, and United States trustee.' If Congress had intended 'person' to include 'estate,' there would have been no reason to list 'estate' separately in the definition of 'entity.' Second, the legislative history expressly states that '[t]he definition [of person] does not include an estate or a trust.' H.R.Rep. No. 595, 95th Cong., 2d Sess. 313, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6270; S.Rep. No. 989, 95th Cong., 2d Sess. 25, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5811.

*Id.* (some internal citations omitted); *see also In re Walters*, 113 B.R. 602, 604 (Bankr. D.S.D. 1990) ("Courts have uniformly supported the contention that the Bankruptcy Code's definitions of 'person' and 'debtor' exclude insolvent decedents' estates."); *In re Hancock*, 2009 WL 2461167 (Bankr. N.D. Okl. 2009); *In re Seegers*, 2009 WL 2883019 (Bankr. D.D.C. 2009); *In re Estate of Patterson*, 64 B.R. 807 (Bankr. W.D. Tex. 1986); *In re Jarrett*, 19 B.R. 413 (Bankr. M.D.N.C. 1982); *In re Estate of Brown*, 16 B.R. 128 (Bankr. D.D.C. 1981) ("A probate estate. . . . is not an individual person within the meaning of Bankruptcy law and such a probate estate, albeit an insolvent one, must be administered pursuant to the laws of the decedent's local jurisdiction."); *In the Matter of 299 Jack-Hemp Assocs.*, 20 B.R. 412 (Bankr. S.D.N.Y. 1982); *In re Bunch*, 249 B.R. 667, 671 (Bankr. D. Md. 2000).

Similarly, the UST relies on *In re Estate of Roberts,* a 2005 bankruptcy case out of the District of Maryland, in which the bankruptcy court dismissed an estate's bankruptcy petition *sua sponte*. *In re Estate of Roberts*, 2005 WL 3108224 at *1 (Bankr. D. Md.). The bankruptcy court in *Roberts* echoed the findings of the 11th Circuit, in *George*, holding:

> A decedent's estate, even when represented by a individual fiduciary, is not a person that may be a debtor under the Bankruptcy Code. Only

8

> a person may be a debtor. 11 U.S.C. § 109(a). A person includes individuals, partnerships and corporations. *Id*. at § 101(41). The definition of a person does not include a decedent's estate. *See Id.* at §§ 101(41), 101(9). Estate is included in the definition of entity. *Id*. at § 101(15). If Congress had intended to include estates in the definition of person, and thereby to allow estates to file a bankruptcy petition, estates would not have been specifically included only within the separate definition of entity.

*Id*. Additionally, in explaining the policy reasons for not allowing probate estates to file for bankruptcy, the court in *Roberts* stated, "While an authorized representative of a probate estate may be an individual, he or she is not a debtor seeking a fresh start. Because the represented principal here is a probate estate, there is no fresh start available." *Id.*; *see also Jarrett*, 19 B.R. at 414 ("Whereas the policy of the Bankruptcy Code is to provide debtors with a 'fresh start', this policy is not met by the Bankruptcy Court's administration of the estate of a deceased individual.").

It is clear that a probate estate cannot file a bankruptcy petition. In fact, the Estate admits in its brief that it is a "well established principle that the estate of a deceased individual is not a 'person' and thus cannot be a debtor under the Bankruptcy Code and cannot file for Chapter 11 relief." (Estate Br. #1 at 5).

Despite the overwhelming authority to the contrary, the Estate maintains that the bankruptcy court's dismissal of its Chapter 11 case should be reversed. In support of it position, the Estate cites a number of cases that are easily distinguishable from the facts of this case and that are not applicable to the issues currently before the Court. These cases include bankruptcy petitions filed by business trusts and guardians for incompetent individuals, as well as cases in which a debtor dies after a bankruptcy petition has already been filed. In all of these distinct situations, there is a bankruptcy code provision that explicitly permits the debtor to proceed with

the bankruptcy petition. None of these cases serve to challenge the long-standing precedent that a probate estate is not a "person" under the bankruptcy code and cannot file for bankruptcy relief.[3]

Moreover, the Estate insists that the "probate exception," which provides that "a federal court has no jurisdiction to probate a will or administer an estate," should not preclude an estate from filing for bankruptcy. *Markham v. Allen*, 326 U.S. 490, 494 (1946). The Estate contends that the only way to restructure the debt on the home is through a bankruptcy. While this is true, it does not change the fact that federal courts have clearly established that a probate estate may not file for bankruptcy relief. The Estate has not provided any authority to the contrary. As the bankruptcy court stated at the October 12, 2010 hearing, "If this is [Ms. Gray's] house and she wants to renegotiate the debt in bankruptcy, she can file. Ruining her credit is not a defense to a motion to dismiss against the estate."

Accordingly, the Court affirms the bankruptcy court's decision to dismiss the Estate's bankruptcy case.

**II.    Fifth Third Had Standing To File A Motion Seeking An Order Dismissing The Bankruptcy Case *Nunc Pro Tunc*.**

In addition to challenging the dismissal of its bankruptcy case, the Estate also challenges

---

[3]The Estate also attempts to compare the instant case to *In re Fay Assoc. L.P.*, 225 B.R. 1 (Bankr. D.D.C. 1998), where the bankruptcy court denied a creditor's motion to dismiss or convert a limited partnership's single-asset Chapter 11 case for bad faith, and *In re Bunch*, 249 B.R. 667 (Bankr. D. Md. 2000), where a Chapter 13 debtor sought to hold a bank in contempt for violating the automatic stay for foreclosing on inherited property that was part of the bankruptcy estate. Neither case dealt with an estate filing for bankruptcy protection. In fact, the first line of bankruptcy court's opinion in *In re Bunch* reads that "a decedent's estate is not eligible to file a Chapter 13 bankruptcy petition because it is not within the definition of an 'individual' as set forth in 11 U.S.C. § 109 for purposes of Chapter 13." These cases are completely inapplicable to the facts currently before the Court.

the bankruptcy court's November 18, 2010 order dismissing the Estate's bankruptcy petition *nunc pro tunc*. The Estate filed its bankruptcy petition just four minutes before the foreclosure sale, and as a result, the foreclosure sale violated the automatic stay. Fifth Third brought the motion to dismiss *nunc pro tunc* (the "*nunc pro tunc* motion") so that the bankruptcy court could declare the automatic stay void, thereby preventing Fifth Third from having to recommence the foreclosure proceedings.

First, the Estate asserts that Fifth Third violated Michigan's Foreclosure Act and therefore lacked standing to file its *nunc pro tunc* motion. The Estate also asserts that as a result of Fifth Third's state-law violations, the bankruptcy court lacked subject matter jurisdiction to enter an order dismissing the Estate's Chapter 11 case *nun pro tunc*.

In its brief, the Estate seeks to establish that Fifth Third was in violation of M.C.L. 600.3204(1)(d), which provides that a party may foreclose by advertisement, if, among other requirements, "[t]he party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." M.C.L. 600.3204(1)(d). The Estate asserts that: (1) "there is no evidence that the Note was endorsed by the Originating Lender to the Foreclosing Lender;" and (2) the assignment of the mortgage was not recorded as part of the chain of title prior to the first publication of the foreclosure. (Estate Br. # 2 at 11-12).

As Fifth Third states in its brief, these issues were not properly raised before the bankruptcy court. Generally, issues that are not presented before the trial court are inappropriate for consideration on appeal. *See Friendly Farms v. Reliance Ins. Co.*, 79 F.3d 541 (6th Cir. 1996). The Sixth Circuit has also adhered to this same rule for arguments not first presented to a

11

bankruptcy court. *In re Koenig Sporting Goods, Inc.*, 229 B.R. 388, 389 n. 1 (6th Cir. BAP 1999). "[U]nder Bankruptcy Rules 8001 and 8010, the district court could, within its discretion, deem [an issue] waived if it believed that the issues as presented and argued in the [appellate] brief did not effectively contest the [underlying determinations of the bankruptcy court]." *In re: Brown Family Farms*, 872 F.2d 139, 141-42 (6th Cir. 1988); *See also Intelligent Mailing Solutions, Inc. v. Ascom Hasler Mailing Sys.*, 2006 WL 414066 (N.D. Oh. 2006).

The Court has discretion to hear issues not raised in the bankruptcy court in limited circumstances. The Court looks to four factors in determining whether to exercise this discretion. These factors are:

> 1) whether the issue newly raised on appeal is a question of law, or whether it requires or necessitates a determination of facts; 2) whether the proper resolution of the new issue is clear and beyond doubt; 3) whether failure to take up the issue for the first time on appeal will result in a miscarriage of justice or a denial of substantial justice; and 4) the parties' right under our judicial system to have the issues in their suit considered by both a district judge and an appellate court.

*Friendly Farms*, 79 F.3d at 545.

The Court declines to exercise its discretion to hear the Estate's claims regarding the wrongful foreclosure of the property. As an initial matter, Ms. Gray's wrongful foreclosure claims, regarding the same property at issue, are currently pending before the Honorable Patrick J. Duggan, in Case No. 11-12354, and therefore this Court need not address the merits of these claims. Moreover, these newly-raised, wrongful foreclosure issues require findings of fact relating to the circumstances surrounding Fifth Third's interest in the mortgage and the foreclosure itself. These facts are not presented by either party in their designated record on appeal, and the Court is certainly unable to make any determination based upon the conclusory

12

statements made by the Estate in its brief. Furthermore, as stated in footnote 2, above, there are issues of fact as to whether the Estate even owns the property at issue, which raises questions as to whether the Estate has standing to challenge the foreclosure. Thus, the resolution of these issues are far from beyond doubt.

Additionally, as stated by the bankruptcy court, any decision made by this Court regarding the Estate's bankruptcy does not preclude Ms. Gray from continuing negotiations with Fifth Third so that she may remain in her home. Ms. Gray is also not precluded from bringing an action directly challenging the foreclosure, which she has already done. Because these issues are currently pending before another court, this Court is not faced with a situation in which there will be a miscarriage of justice or a denial of substantial justice.

Lastly, in order to have standing in a bankruptcy case a party must be "directly and adversely affected pecuniarily." *In re Trailer Source, Inc.*, 555 F.3d 231 (6th Cir. 2009). In this case, it is undisputed that Fifth Third has a personal stake in the outcome of the Estate's bankruptcy proceeding because it was assigned the rights to the mortgage attached to the property. (Fifth Third Br., Ex. A).

Accordingly, the Court rejects the Estate's argument on appeal that Fifth Third did not have standing to challenge the Estate's bankruptcy petition and file a motion to dismiss the bankruptcy petition *nunc pro tunc*. Similarly, the Court rejects the Estate's argument that the bankruptcy court lacked subject matter jurisdiction to enter an order dismissing the Estate's petition *nunc pro tunc*.

**III.  The Bankruptcy Court Did Not Abuse Its Discretion When It Granted Fifth Third's Motion To Dismiss The Estate's Chapter 11 Bankruptcy Case *Nunc Pro Tunc*.**

The Estate also contends that the bankruptcy court should have denied Fifth Third *nunc*

*pro tunc* motion.

In bankruptcy cases, a creditor may seek an annulment of an automatic stay under 11 U.S.C. 362(d).  Section 362(d) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay - -
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest. . .

11 U.S.C. 362(d).  In interpreting § 362(d), the Sixth Circuit, in *Easley v. Pettibone Michigan Corp.*, stated:

> Bankruptcy courts have the jurisdiction to modify the automatic stay so as to allow actions against the debtor. 11 U.S.C. § 362(d). This section expressly permits the bankruptcy court to annul the stay. This power to annul 'permits the order to operate retroactively, thus validating actions taken by a party at a time when he was unaware of the stay. Such actions would otherwise be void.' 2 *Collier on Bankruptcy* § 362.07 (footnotes omitted). If we are to give effect to the statutory authority to annul a stay, such actions can only be described as invalid and voidable, since void actions are incapable of later cure or validation.

*Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 909-10 (6th Cir. 1993).  The court in *Easley* further stated:

> In summary, we hold that actions taken in violation of the stay are invalid and voidable and shall be voided absent limited equitable circumstances. We suggest that only where the debtor unreasonably withholds notice of the stay and the creditor would be prejudiced if the debtor is able to raise the stay as a defense, or where the debtor is attempting to use the stay unfairly as a shield to avoid an unfavorable result, will the protections of section 362(a) be unavailable to the debtor.

*Id*. at 911; s*ee also In re Siciliano*, 13 F.3d 748, 751 (3d Cir.1994) (finding that a bankruptcy

14

court may retroactively grant relief from an automatic stay and validate a foreclosure sale); *Khozai v. Resolution Trust Corp.*, 177 B.R. 524, 527 (E.D. Va. 1995) ("The Third, Fifth, Sixth, Eleventh and Ninth Circuits all agree that actions in violation of an automatic stay are subject to retroactive relief under § 362(d). . . The Court finds that, in granting Appellee relief from the automatic stay and validating the foreclosure sale, the Bankruptcy Court acted within its authority under § 362(d).").

Like the courts in *In re Siciliano* and *Khozai*, the bankruptcy court in this case determined that this is one of those instances in which the debtor unreasonably withheld notice of the stay to the detriment of the creditor, and that the debtor used the stay unfairly as a shield to avoid an unfavorable result. (Trans. for Nov. 16, 2010 Hrng. at 8). This Court agrees.

The grounds for annulling the stay were adequately set forth by the bankruptcy court at the November 16, 2010 hearing on Fifth Third's *nunc pro tunc* motion. The Estate filed its bankruptcy petition just four minutes before the foreclosure sale, and the Estate has not provided any evidence to establish that Fifth Third intentionally violated the stay by proceeding with the foreclosure sale. The bankruptcy court also emphasized there was no basis for filing the bankruptcy because the petition was not filed by a "person" under 11 U.S.C. § 101(41). *Id*. at 9. Additionally, the true debtor, Ms. Gray, was attempting to use the stay for the improper purpose of gaining all the benefits of bankruptcy relief, while at the same time shielding her personal assets from creditors. The bankruptcy court continually expressed that if Ms. Gray wants the benefits of bankruptcy relief and the protection of the automatic stay, she is required to file for bankruptcy under her name and social security number. *Id*. at 7. Finally, by not annulling the stay, Fifth Third would be prejudiced because Fifth Third would have to renew the foreclosure

15

proceedings almost one year after the initial foreclosure sale.

Based on these circumstances, the Court finds that the bankruptcy court did not abuse its discretion by granting Fifth Third's motion to dismiss the Estate's petition *nunc pro tunc*. The bankruptcy court had valid grounds to annul the automatic stay under § 362(d).

### IV.     Fifth Third Will Not Be Sanctioned Because It Did Not Violate The Automatic Stay.

The Estate also requests that the Court sanction Fifth Third for violating the automatic stay. For the reasons discussed in Part III, above, the Court affirms the bankruptcy's order dismissing the Estate's bankruptcy petition *nunc pro tunc*, thereby affirming the annulment the automatic stay. Because the stay has been annulled, Fifth Third has not violated an automatic stay. Accordingly, the Court denies the Estate's request for sanctions.

### CONCLUSION

For the reasons stated above, the Court AFFIRMS the decisions of the bankruptcy court. Additionally, the Court DENIES AS MOOT the Estate's Motion for Stay Pending Appeal.

IT IS SO ORDERED.

                                                                  S/Sean F. Cox                              
                                                                  Sean F. Cox
                                                                  United States District Court

Dated: September 6, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 6, 2011, by electronic and/or ordinary mail.

                                                                  S/Jennifer Hernandez                        
                                                                  Case Manager

16